UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SANTHIA OLIVIER,

    **Plaintiff,**

v.

MSC CRUISES (USA), INC.,

    **Defendant.**
_____/

**COMPLAINT**

Plaintiff SANTHIA OLIVIER hereby sues Defendant MSC CRUISES (USA), INC. and alleges as follows:

1. This Court has jurisdiction because this dispute falls under the admiralty and maritime jurisdiction of this Court under 28 U.S.C. §1333(1).

2. At all times material, Plaintiff, a United States Citizen and a resident of the State of Florida, was an adult and a fare-paying passenger aboard the "MSC Divina."

3. Defendant is a Florida corporation with its principal place of business in Broward County, Florida.

4. That on or about June 17, 2017, Plaintiff having purchased a ticket for a cruise, became a passenger aboard Defendant's vessel, MSC Divina, and departed from the port of Miami.

5. Venue is proper because Defendant's Ticket of Passage contains a venue section clause which mandates that Defendant be sued in Florida before the United States District Court for the Southern District of Florida.

6. All conditions precedent to bringing this action have been performed and/or have been waived.

## GENERAL ALLEGATIONS

7. On or about June 18, 2017, Plaintiff was walking on the deck of the MSC Divina near the pool when she suddenly and without notice slipped on water, that had accumulated by the stairs, causing her to fall forward and land on her left knee.

8. The fall caused Plaintiff to sustain severe injuries throughout her body, and particularly to her left knee.

9. Plaintiff immediately reported the incident to an employee, agent, and/or servant of the Defendant, sought medical care on board the MSC Divina.

## COUNT I - NEGLIGENCE

10. Plaintiff reallges the allegations contained in paragraphs one (1) through nine (9) as if fully incorporated herein.

11. At all times material, Defendant owned and/or operated the MSC Divina.

12. That Defendant owed a duty of reasonable care to the Plaintiff, a passenger aboard the MSC Divina, which included but was not limited to: taking all reasonable precautions to insure the safety of its passengers and the Plaintiff; to undertake reasonable training and supervision of its employees; to ensure passengers and the Plaintiff were safe from unreasonable risks of harm; and to warn passengers and the Plaintiff of any unreasonable risks of harm aboard the vessel.

13. Defendant knew, or reasonably should have known, of the risk of harm which could be and was caused by the presence of water, a clear transparent substance, accumulating on the deck near the pool area, failing to inspect the area and warn those onboard the MSC Divina, and

should have expected that Plaintiff would not discover or be able to protect herself from the uncommon risk.

14. Defendant knew, or reasonably should have known, of the risk of harm which could be and was caused by the standing water and should have warned Plaintiff of the possible danger with a visible marker or eliminate the hazard.

15. On or about June 18, 2017, Defendant, by and through its agents, employees, and/or servants, breached its duty of reasonable care owed to the Plaintiff in one or more of the following ways:

    a. Failing to take all reasonable precautions to ensure the safety of its passengers;
    b. Failing to undertake reasonable training and supervision of its employees, and to ensure passengers were safe from unreasonable risk of harm;
    c. Failing to warn passengers of any unreasonable risks of harm; and
    d. Failing to inspect the MSC Divina for spills and other debris.

16. Defendant's negligent acts or omissions directly and proximately caused the Plaintiff to sustain severe injuries and damages.

17. That as a result of the negligence of Defendant, Plaintiff has suffered serious non-economic damage, including severe physical injury, pain and suffering, emotional and psychological distress, loss of enjoyment of life, reduced life expectancy, and other non-economic damages.

18. That as a result of the negligence of Defendant, Plaintiff has suffered serious economic damage, including past and future medical expenses, the exact amount to be proven at trial.

**WHEREFORE**, Plaintiff, SANTHIA OLIVIER demands judgment for damages against the Defendant, MSC CRUISES (USA), INC. for all non-economic and economic damages incurred, or to be incurred, by the Plaintiff as a direct and proximate result of the negligent acts

and omissions of Defendant, plus interest, attorney fees, and costs, and for any and all other relief permitted under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

DATED THIS 7th day of June, 2018.

                    Respectfully submitted,

                    FRIEDLAND & ASSOCIATES
                    707 NE 3rd Avenue, Suite 201
                    Fort Lauderdale, Florida 33304
                    Telephone:  (954) 321-8810
                    Facsimile:  (954) 321-8995
                    Email:  pleadings@yourfightourbattle.com

By:    _/s/ Lee Friedland_____
          Lee Friedland, Esquire
          Florida Bar No.: 991163